UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS M. SMITH, | ) | Case No.: 4:19 CV 2162 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent . | ) | |

*Pro se* Petitioner Thomas M. Smith filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a transgender inmate (male to female) who has lived as a female for four years, received hormone therapy since 2016 and who has undergone at least some gender reassignment surgery. She indicates she was integrated into an all female prison. She is now a federal prisoner and is incarcerated in FCI-Elkton, an all male prison. She contends she was transferred for her safety for threats of physical harm. She states she is at heightened risk for sexual assault and physical violence at a male prison. Petitioner seeks an Order from this Court requiring the Bureau of Prisons ("BOP") to transfer her to a female prison.

Petitioner also filed a Motion to Proceed *In Forma Pauperis* (Doc. 2). The Motion is granted.

Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v.*

*Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement."

It is not clear from the Petition whether this is a challenge to the conditions of confinement, or a challenge to the manner in which the sentence is being executed. Both are plausible. That determination would be largely dependent on the legal claims Petitioner asserts in this action. Petitioner, however, does not assert legal claims. She includes a statement of facts and then asks for relief. As written, the Petition appears to assert deliberate indifference to her safety, which suggest she may be asserting a claim under the Eighth Amendment. Eighth Amendment claims challenge conditions of confinement and must be brought in a civil rights action. This Court cannot convert a habeas Petition into a civil rights action. The action must be dismissed without prejudice.

To the extent this could proceed as a § 2241 Petition, Petitioner is required to exhaust her administrative remedies prior to filing this action. *United States v. Oglesby*, 52 Fed.Appx. 712, 714 (6th Cir. 2002) (citing *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) and *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). The administrative remedies for federal prisoners are set forth at 28 C.F.R. §§ 542.10-16 (2005). Petitioner admits she has not exhausted her administrative remedies, claiming she is exempt from them because she feels she is in danger. To the contrary, the BOP could provide immediate relief to her through the administrative process. There is no indication that exhaustion would be futile. Because Petitioner acknowledges she has not yet exhausted her

2

administrative remedies, the Petition would be premature and dismissed without prejudice. *Colton v. Ashcroft*, 299 F.Supp.2d 681, 689 (6th Cir. 2004).

## V. Conclusion

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

January 22, 2020